IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN D. ROCKWELL, | | |
| Petitioner, | | No. CIV S-05-1774 LKK DAD P |
| vs. | | |
| TERESA A. SCHWARTZ, et al., | | <u>ORDER AND</u> |
| Respondents. | | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of petitioner's in forma pauperis application reveals that the petitioner is unable to afford the costs of suit. Accordingly, petitioner's application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

      Petitioner is confined pursuant to a 1976 judgment of conviction entered by the Ventura County Superior Court. Petitioner does not challenge his Ventura County conviction or sentence but instead attacks a Board of Prison Terms decision to deny parole after a hearing held on October 10, 2001. Petitioner alleges that the California Supreme Court denied relief with regard to the parole denial on February 23, 2005.

A court presented with an application for a writ of habeas corpus must examine the application and determine whether the respondents should be ordered to file an answer or other pleading. 28 U.S.C. § 2243; Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

A writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). Federal habeas relief is not available for errors in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).

In the present case, petitioner has alleged six grounds for relief. The undersigned has carefully examined each claim and the facts and arguments offered in support of them.

I. Ground 1

> Petitioner claims that under the California Indeterminate Sentencing Laws, petitioner is entitle[d] to a term fixed proportionately to petitioner's individual culpability and entitled to fair consideration for parole. Parole date should be set unless circumstances deem otherwise.

(Pet., Attachs. at 1.) In support of this ground for relief, petitioner argues that the hearing held on October 1, 2001, violated his state and federal due process rights as well as the prohibition on ex post facto laws. Petitioner contends that the Board failed to comply with Penal Code § 3022 and denied him his due process rights under that statute. Petitioner further contends that he was sentenced prior to July 1, 1996, but the Board conducted his hearing under "statutory laws that

1  exist today." Petitioner presents no facts in support of these arguments but contends that his term
2  should be fixed or he should be discharged from custody. (Id., Attachs. at 7.)
3          The Due Process Clause of the Fourteenth Amendment prohibits state action that
4  deprives a person of life, liberty, or property without due process of law.  A person alleging a
5  violation of his right to procedural due process must establish that he was deprived of an interest
6  cognizable under the Due Process Clause and that the procedures attendant upon that deprivation
7  were not constitutionally sufficient.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S.
8  454, 459-60 (1989); Board of Regents v. Roth, 408 U.S. 564, 571 (1972).  In the parole context,
9  a petitioner alleging due process claims must demonstrate that he has a protected liberty interest
10  in parole and show that he was denied one or more of the procedural protections that must be
11  provided, i.e., the process due when a liberty interest is at stake.
12          The Ninth Circuit has ruled that "California's parole scheme gives rise to a
13  cognizable liberty interest in release on parole." McQuillion v. Duncan, 306 F.3d 895, 902 (9th
14  Cir. 2002).  However, because parole-related decisions are not part of the criminal prosecution,
15  the full panoply of rights due a defendant in criminal proceedings is not constitutionally
16  mandated during parole proceedings.  Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th
17  Cir. 1987).  Due process is satisfied in the context of a hearing to set a parole date where the
18  prisoner is afforded notice of the hearing, an opportunity to be heard and, if parole is denied, a
19  statement of the reasons for the denial. Id. (citing Greenholtz v. Inmates of Nebraska Penal &
20  Correctional Complex, 442 U.S. 1, 16 (1979)). See generally Morrissey v. Brewer, 408 U.S. 471
21  (1972).  Violation of state mandated procedures constitute a federal due process violation only if
22  the violation causes a fundamentally unfair result. Estelle, 502 U.S. at 65.  As long as the
23  decision regarding parole suitability is supported by some evidence, the federal court must find
24  that the decision complies with the requirements of federal due process. Morales v. California
25  Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499
26  (1995); Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir. 1992) (per curiam).  The "some

evidence" standard is minimally stringent. Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), and Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)). In the present case, petitioner's first ground for relief is not supported by allegations and arguments showing that petitioner was denied any process mandated by federal law or that any violation of state mandated procedures caused a fundamentally unfair result.

Nor do petitioner's allegations and arguments support a claim arising under the Ex Post Facto Clause, which prohibits the passage of ex post facto laws. U.S. Const. art. I, § 9, cl. 3. A law violates the prohibition only if it punishes as criminal an act that was not criminal when the act was committed, makes a crime's punishment greater than when the crime was committed, or deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). Petitioner has not shown that the state passed an ex post facto law that was applied in his case by the Board of Prison Terms.

Petitioner's first ground for relief fails to demonstrate a basis for federal habeas relief.

II. Ground 2

> Petitioner is entitled to be judged under the Statutory Law that existed at the time of arrest and conviction, especially to the protections, as well as the penalty, of the law in effect at the time of the committing offense(s). "When a new law that has been implemented creates and Ex-post-facto violation."

(Id., Attachs. at 2.) Petitioner alleges that he attended the hearing on October 10, 2001, and "[a]t no time was there any mention of the hearing being conducted under the present or past Statutory Laws and provisions under which petitioner was convicted and sentenced." (Id. (additional emphasis omitted).) Petitioner alleges no other facts but contends that his petition should be granted on the grounds of "California Constitutional Violations of Ex-post-facto; Due Process." (Id., Attachs. at 7.)

As with his first ground for relief, petitioner's second claim is not supported by allegations and arguments showing that petitioner was denied any process mandated by federal

4

law, that violation of any state mandated procedures caused a fundamentally unfair result, or that the state passed an ex post facto law that was applied to petitioner by the Board of Prison Terms. Petitioner's second ground for relief fails to demonstrate a basis for federal habeas relief.

III. Ground 3

> The California Board of Prison Terms enjoys extraordinary discretion in deciding parole suitability.

(Id., Attachs. at 3.) In support of his third claim, petitioner describes the Board's discretion as extraordinary, great, absolute, and almost unlimited "as long as the governor (Davis) stacks the Board of Prison terms with ex-law enforcement or victims rights advocates (as did prior Governor (Wilson)." (Id.). Petitioner argues that the Board "becomes an unconstitutional body when trying to apply (interpret) any type of law." (Id.) Petitioner offers no factual allegations in support of this claim but asserts that he should be granted a writ on the ground that the Board of Prison Terms is an illegal body. (Id., Attachs. at 7.)

Petitioner's third ground for relief fails to identify a constitutional violation but seems to refer to the separation of powers, which is cited in petitioner's fifth ground for relief. The federal doctrine of separation of powers is not contained in the United States Constitution but has been inferred from the principles underlying the Constitution. Springer v. Governor of the Philippine Islands, 277 U.S. 189, 201 (1928). The Fourteenth Amendment did not extend the doctrine to the states. Hughes v. Superior Court, 339 U.S. 460, 466 (1950) ("[T]he Fourteenth Amendment leaves the States free to distribute the powers of government as they will between their legislative and judicial branches."); see also Dreyer v. Illinois, 187 U.S. 71, 84 (1902) ("Whether the legislative, executive, and judicial powers of a state shall be kept altogether distinct and separate, or whether persons or collections of persons belonging to one department may, in respect to some matters, exert powers which, strictly speaking, pertain to another department of government, is for the determination of the state."); Bennett v. People of State of California, 406 F.2d 36, 38 (9th Cir. 1969) ("The constitutionality, under the United States

Constitution, of indeterminate sentence laws like California's and of delegation of the power to fix and refix terms and grant and revoke parole, such as that to the California Adult Authority, is . . . well established . . . ."); Bean v. Nevada, 410 F. Supp. 963, 966 (D. Nev. 1974) (holding that the composition of the Nevada Board of Pardons is not subject to challenge under the federal doctrine of separation of powers), aff'd, 535 F.2d 542 (9th Cir. 1976).

Nor is petitioner entitled to relief in federal court on any claim alleging that the Board of Prison Terms is in violation of any doctrine of separation of powers contained in the state constitution. Such claims do not allege a transgression of federal law and are not cognizable in a federal habeas petition. See Estelle, 502 U.S. at 67-68; Hinman v. McCarthy, 676 F.2d 343, 349 (9th Cir. 1982) (holding that an alleged violation of the California Constitution does not present a question cognizable in a federal habeas corpus petition); Bean, 410 F. Supp. at 966 ("The constitutionality of the Board's composition under the separation of powers provision of the Nevada State Constitution, Art. 3, sec. 1, is not a question cognizable in a federal habeas corpus proceeding."). Because state courts are the ultimate expositors of state law, federal courts are bound by their constructions and are limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995).

Petitioner's third ground for relief therefore fails to demonstrate a basis for federal habeas relief.

IV. Ground 4

> Petitioner alleges that the State of California does not have a legally empowered Authority able to grant petitioner release since the California Board of Prison Terms is an unconstitutional body, therefore a violation of his California State Constitution Article 7(a) Due Process and Equal Protection and United States Constitutional 5th Amendment Due Process and 14th Amendment to Equal Protection Right as guaranteed by the U.S. Constitution.

(Id., Attachs. at 4.) In support of this ground for relief, petitioner argues that he has been subjected to excessive punishment due to the state's "inability" to grant him a release date. He

6

argues further that his term has been fixed at life imprisonment without parole and that such a sentence is disproportionate to his offense and his personal culpability.  He also argues that the state legislature has allowed the Board of Prison Terms to determine a prisoner's length of incarceration and has thereby withdrawn "the inherent sentencing discretion of the courts." (Id.) Petitioner contends that he should be granted a writ on the ground of separation of powers. (Id., Attachs. at 7.)

For the reasons set forth with regard to petitioner's third ground for relief, petitioner has failed to demonstrate that he is entitled to federal habeas relief on a theory arising from the separation of powers doctrine.  Nor has petitioner has alleged facts showing that he was denied any process mandated by federal law or that violation of any state mandated procedures caused a fundamentally unfair result.  Petitioner's allegations and arguments also fail to support a claim arising under the Equal Protection Clause.  A prisoner raising an equal protection claim in the parole context must demonstrate that he was treated differently from similarly situated prisoners and that the Board lacked a rational basis for its decision. See McGinnis v. Royster, 410 U.S. 263, 269-70 (1973) (reviewing differences in release dates under rational basis test and balancing the state's efforts to ensure prisoners are sufficiently prepared for release to protect public safety with the prisoner's interest in release).  Petitioner has not alleged facts showing that he was treated differently from similarly situated prisoners or that the Board lacked a rational basis for its decision to deny parole in 2001.

To the extent that this claim can be construed as an Eighth Amendment claim, petitioner has not alleged facts showing that his sentence is disproportionately harsh and constitutes cruel and unusual punishment.  Only extreme sentences grossly disproportionate to the offenses are forbidden by the Eighth Amendment. See Harmelin v. Michigan, 501 U.S. 957 (1991).  Here, petitioner has not alleged facts showing that the length of time he has spent in prison is in excess of the statutory maximum penalty for his offense of conviction or so grossly out of proportion as to violate the Eighth Amendment.

1    Petitioner's fourth ground for relief also fails to demonstrate a basis for federal

2 habeas relief.

3 V. Ground 5

   Petitioner states that the sole reason for denial of the setting of a release date is in reason of "Public Safety" which is unconstitutionally vague and overboard [sic], allows arbitrary governmental decisions and is not specific enough to provide sufficient guidelines to prevent abuse by governmental authorities or consistent application as required under Due Process and Equal Protection; and further, is an unconstitutional delegation of Legislative duties in properly defining public policy and authorizing the Executive Branch to define the application of specific provisions of the Statute thereby abdicating the Legislative functions of the Executive Branch of Government in violation of the Separation of Powers provision of the State and Federal Constitutions.

11 (Id., Attachs. at 5.) Petitioner argues that the vagueness of California Penal Code § 3041(b) has

12 allowed the Board to make arbitrary decisions. (Id.) Petitioner contends that he should be

13 granted a writ due to the unconstitutional vagueness of Penal Code § 3041 with regard to public

14 safety. (Id., Attachs. at 7.)

15    For the reasons set forth in the discussion of petitioner's first four grounds for

16 relief, petitioner's fifth ground for relief fails to demonstrate his entitlement to federal habeas

17 relief under the Due Process Clause, the Equal Protection Clause, or the separation of powers

18 doctrine. Petitioner has not alleged facts demonstrating that California Penal Code § 3041

19 should be held void for vagueness. Petitioner's fifth ground for relief fails to demonstrate a basis

20 for federal habeas relief.

21 VI. Ground 6

   Petitioner must sit through Board of Prison Terms Hearing listening to derogatory remarks made by the victim's brother-in-law at the hearing before the California Board of Prison Terms.

24 (Pet., Attach. at 6.) In support of this ground for relief, petitioner alleges that he was sentenced

25 prior to July 1, 1977, and the guidelines for "lifer" hearings have changed over the years so that

26 victims' family members are now permitted to testify before or during parole hearings. Petitioner

8

argues that this change in the guidelines violated the ex post facto provision of the California Constitution, was effected without the due process required by state and federal law, and violates petitioner's rights under the Eighth Amendment. (Id.) Petitioner contends that he should not have to suffer "unconstitutional testimony of a family member." (Id., Attachs. at 7.)

For the reasons set forth in the discussion of petitioner's first five grounds for relief, petitioner's sixth ground for relief fails to demonstrate a basis for federal habeas relief.

VII. Conclusion

Petitioner's six grounds for relief fail to allege facts showing that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Because it plainly appears from the face of the petition and attachments that petitioner is not entitled to federal habeas corpus relief, this action should be summarily dismissed.

Petitioner's request for appointment of counsel will be denied because there is no right to appointment of counsel in federal habeas proceedings and the interests of justice do not require appointment of counsel in this case. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996); 18 U.S.C. § 3006A; Rule 8(c), Fed. R. Governing § 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's September 6, 2005 application to proceed in forma pauperis is granted;

2. Petitioner's request for appointment of counsel is denied;

3. The Clerk of the Court shall serve this order and findings and recommendations and the petition for writ of habeas corpus filed September 6, 2005, upon the Attorney General of the State of California and shall indicate such service on the docket; and

IT IS RECOMMENDED that this action be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written

1 objections with the court. A document containing objections should be titled "Objections to
2 Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file
3 objections within the specified time may, under certain circumstances, waive the right to appeal
4 the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
rock1774.156